UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA

-v.-

ANTOINE WEBB,

Defendant.
-----------------------------------------------------x

ORDER

No. 12-CR-111-7 (CS)

Seibel, J.

Before the Court is Defendant Antoine Webb's motion for home confinement, (ECF No. 640), which I construe as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release."

On November 1, 2012, Defendant was sentenced principally to 46 months' imprisonment, to be followed by five years' supervised release, on his conviction for conspiracy to distribute crack. (ECF No. 136.) On September 16, 2022, he was sentenced to 366 days' imprisonment for violating his supervised release by committing the state crime of criminal possession of a weapon in the second degree. (ECF No. 636.)

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United*

*States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family and, prison abuse, as well as any other circumstances of similar gravity and unusually long sentences. *See* U.S.S.G. § 1B1.13(b)(1)-(6). It further provides that rehabilitation alone is not an extraordinary and compelling circumstance, but my be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted. *See id.* § 1B1.13(d); *see also* 28 U.S.C.A. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order). Defendant relies on harsh prison conditions, his rehabilitation and the effect of his incarceration on his family.

First, Defendant is still serving his state sentence,[2] so as a federal judge I could not order him released to home confinement even if I wanted to. Indeed, § 3582(cc)(1)(A) contains an exhaustion requirement that mandates that the inmate first seek relief from the Bureau of Prisons ("BOP"). There is no indication Defendant has done so here, or that he could have when he is

---

[1]I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4 (internal quotation marks and citations omitted). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13.

[2]The New York State Department of Corrections and Community Supervision "Incarcerated Lookup" tool (https://nysdoccslookup.doccs.ny.gov/) states as of today that Defendant's earliest release date is September 7, 2024.

not in BOP custody. But I will assume for the sake of argument that Defendant has exhausted as required.

Second, while I do not doubt that conditions in prison are difficult and unpleasant, any such conditions are not unique to Defendant. Such universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Farmer*, No. 19-CR-427, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022); *United States v. Ramirez*, 571 F. Supp. 3d 40, 47 (S.D.N.Y. 2021); *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

Third, Defendant states that he has participated in programming, work and education, and has maintained a "satisfactory" disciplinary record.[3] "While [Defendant's] efforts at rehabilitating himself are commendable and should continue, they do not alone or in combination with his other arguments constitute an extraordinary and compelling reason for compassionate release." *White v. United States*, No. 13-CR-255, 2022 WL 4244219, at *5 (W.D.N.Y. Sept. 15, 2022), *aff'd*., No. 22-2337-CR, 2023 WL 8446806 (2d Cir. Dec. 6, 2023); *see United States v. Steele*, No. 19-CR-65, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) ("admirable" efforts at rehabilitation not extraordinary and compelling alone or in combination with harsh pandemic prison conditions). Further, good conduct in prison is not uncommon, and indeed is expected.

[3]Although Defendant states that he has enclosed with his letter "all the necessary documents that demonstrate [his] personal growth, positive adjustments, and commitment to rehabilitation," all that was enclosed was a letter from Defendant's wife. (Both letters appear to be signed by the same person, but I will assume that one authorized the other to sign.) I will assume for purposes of this motion that Defendant has participated in programming, work and education as he describes. I am not clear on what he regards as a "satisfactory" disciplinary history, but I will assume for purposes of the motion that his disciplinary record is not particularly recent or serious.

*See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Finally, while I am sure Defendant regrets not factoring his partner and daughter into his decisionmaking, it is the unfortunate fact that separation from family members is one of "the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on his [family] . . . that does not constitute an extraordinary and compelling reason" to reduce his sentence, *id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors."). Fortunately, there is no indication that Defendant's daughter's mother is unavailable or inadequate as a caregiver. *Cf.* U.S.S.G. 1B1.13(b)(3)(A) (death or incapacitation of caregiver of defendant's minor child is extraordinary and compelling reason)

In short, the circumstances to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling reasons. Even if they did, I would still have to address the § 3553(a) factors, to the extent incorporated into 18 U.S.C. § 3583(e). They would militate against reduction of Defendant's sentence for violation of supervised release. He committed a serious crime while under supervision. He was not an impulsive youngster at the time, but a man of almost thirty. Significant prior terms of imprisonment did not deter him. His

conduct while on supervision and before includes violence from which the public needs to be protected.

For all the reasons stated above,, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 640 and to send a copy of this Order to Scott Antoine Webb, DIN # 18A3680, Green Haven Correctional Facility, 594 Route 216, Stormville, NY 12582-0010.

Dated: December 29, 2023
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.